# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRUCE WAYNE PARKER, JR.
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE DECEDENT,
A'MIRCLE FAITH PARKER

VERSUS

BATON ROUGE GENERAL MEDICAL
CENTER AND STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF
CHILDREN AND FAMILY SERVICES

NO. 2020 CW 0977

**FEBRUARY 24, 2021**

---

In Re: Baton Rouge Medical Center, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 631644.

---

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED.** The trial court's September 24, 2020, judgment denying Baton Rouge General Medical Center's motion for summary judgment is reversed, the motion for summary judgment is granted and plaintiff's claims against Baton Rouge General Medical Center are dismissed with prejudice. We find that plaintiff's allegations asserted in the petition against Baton Rouge General Medical Center are inextricably tied to the assessment of and medical care, and treatment rendered to the patient, the infant child, A'Mircle Faith Parker, and sound in medical malpractice. The allegations of negligence against the hospital fall within the confines of "health care," defined by the Medical Malpractice Act as follows, "…any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement…." La. R.S. 40:1231.1(A)(9). The Medical Malpractice Act defines "malpractice" as "any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient, including failure to render services timely…." La. R.S. 40:1231.1(A)(13).

To establish a claim for medical malpractice, a plaintiff must prove by a preponderance of the evidence: 1) the standard of care applicable to the defendant; 2) that the defendant breached the standard of care; and 3) there was a causal connection between the breach and the resulting injury. **Samaha v. Rau**, 2007-1726 (La. 2/26/08), 977 So.2d 880, 884. Expert medical testimony is generally required to establish the applicable standard of care and whether or not the standard was breached, except where the negligence was so obvious that a lay person can infer negligence without the guidance of expert testimony. **Samaha**, 977 So.2d at 884; **Pfiffner v. Correa**, 1994-0924, 1994-0963, 1994-0992 (La. 10/17/94), 643 So.2d 1228.

Expert medical testimony is necessary in this case to establish the standard of care and whether or not that standard was breached, as it does not involve an obvious act or failure to act from which a lay person may infer negligence. The requirement of producing expert medical testimony in this case

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

is especially apt since Baton Rouge General Medical Center has supported its motion for summary judgment with a certified copy of the Medical Review Panel opinion, as well as the affidavit of panelist Dr. Stephanie Kelleher, which stated that the evidence does not support the conclusion that Baton Rouge General Medical Center failed to meet the applicable standard of care. Insofar as plaintiff has failed to come forth with an expert to testify on the requisite standard of care and a violation thereof, we find that plaintiff will be unable to satisfy his evidentiary burden of proof at trial. Accordingly, summary judgment in favor of Baton Rouge General Medical Center is warranted.

**JMM**
**GH**
**AHP**


COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT